## ELIJAH CASE'S APPEAL FROM PROBATE.

The provisions of the act (Gen. Statutes, title 20, sec. 41,) with regard to proceedings before the court of probate *for* the examination of persons secreting property belonging to the estate of a deceased person, apply to the case of one of two or more executors of such an estate.

APPEAL from an order of a court of probate requiring one of two executors, upon the application of the other, to ap pear before the court and be examined with regard to property of the estate alleged to be concealed in his hands. The proceedings were instituted under the provisions of the 41st section of the act with regard to the settlement of estates, (Gen. Statutes, p. 411,) which are given in the opinion. The appeal was taken to the Superior Court in Hartford County, and the order of the probate court was affirmed by that court, (*Pardee, J.*) The appellant thereupon brought the record before this court by motion in error.

*T. C. Perkins* and *C. E. Perkins*, for the plaintiff in error.

*C. Chapman* and *Briscoe*, with whom was *Phelps*, for the defendant in error.

CARPENTER, J. The precise question in this case is, whether one of two or more executors, who has accepted the trust and duly qualified, is liable to be proceeded against under the 41st section of the act relating to the settlement of estates, Gen. Statutes, p. 411. The language of the act is certainly broad enough to include every person. " If any person shall have in his custody and possession any goods or chattels, &c., or anything that may tend to disclose such estate, and on demand of the same by the executor or administrator shall refuse to deliver them to the executor or administrator, or to give a satisfactory account, &c., the court of probate, upon the application of the executor or administrator, may cite such person to appear before said court, and may examine him on

oath," &c. There can be no doubt that the statute was intended to confer upon courts of probate full powers in relation to all these matters. If a sole executor, or all the executors if more than one, conceal the trust property, the 34th section, page 409, gives the court of probate power to call them to an account. If any person other than the executor or administrator conceals the estate, the court of probate, upon the complaint of the executor or administrator, may cite him to appear and be examined on oath. If one of two executors conceals the estate, the court may of its own motion proceed under the 34th section, and we cannot see that any harm will result from its having the power to proceed in a more summary manner under the 41st section. Indeed we think it right and just that the court should have such power. No reason can be suggested why an executor should be permitted to secrete the estate of a deceased person, or withhold it from its legitimate purpose, any more than any other person; and if he attempts it, why should not the remedy be as summary and effective in his case as in any other?

Taking into consideration the nature of this proceeding, and the object which the legislature had in view, we think it may be fairly inferred that it was the intention of the legislature that this section should apply to co-executors as well as to other persons.

This very point seems to have been decided by this court in *Beach* v. *Norton*, 9 Conn., 182, and we have no disposition to question the correctness of that determination, nor are we aware of any decision which weakens its authority.

We think there is no error in the judgment complained of.

In this opinion the other judges concurred.